1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

JENNIFER AAL,

Plaintiff,

8

v.

9

CAPELLA HEALTHCARE, INC., a
Delaware Corporation, et al.,

10

11

Defendants.

CASE NO. C13-5195 BHS

ORDER GRANTING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND
DENYING PLAINTIFF'S
MOTION TO REMAND

12

13

14

15

16

17

18

19

        This matter comes before the Court on Defendants Capella Healthcare, Inc., and

Columbia Capital Medical Center Limited Partnership's (collectively "Capital Medical

Center") motion for summary judgment (Dkt. 24) and Plaintiff Jennifer Aal's ("Aal")

motion to remand (Dkt. 35). The Court has considered the pleadings filed in support of

and in opposition to the motion and the remainder of the file and hereby grants Capital

Medical Center's motion for summary judgment and denies Aal's motion to remand for

the reasons stated herein.

20

**I. PROCEDURAL HISTORY**

21

22

        On February 21, 2013, Aal initiated a civil action against Capital Medical Center

in Thurston County Superior Court for the State of Washington. Dkt. 1. Aal asserted

claims for (a) negligent infliction of emotional distress; (b) intentional infliction of emotional distress; (c) violations of the disability provisions of Washington's Law Against Discrimination ("WLAD"), RCW Chapter 49.60 RCW; (d) retaliation under the WLAD; (e) retaliation for pursuing claimed union rights; and (f) retaliation for engaging in concerted activity claimed to be protected by RCW 49.32.020.  Dkt. 1, Exh. 2.

On March 18, 2013, Capital Medical Center removed the matter to this Court. Dkt. 1.

On May 1, 2013, the Court granted Capital Medical Center's motion to dismiss Aal's claim for violations of RCW 49.32.020.  Dkt. 11.

On February 12, 2014, Capital Medical Center filed a motion for summary judgment on Aal's remaining claims.  Dkt. 24.  Aal did not respond directly to the motion, but she did file seven declarations on March 4, 2014.  Dkts. 28–34.  On March 5, 2014, Aal filed a motion to remand.  Dkt. 35.  On March 7, 2014, Capital Medical Center replied to the declarations that Aal submitted.  Dkt. 37.  On March 24, 2014, Capital Medical Center responded to Aal's motion.  Dkt. 39.

## II. FACTUAL BACKGROUND

In October of 1992, Aal began working as a registered nurse at Capital Medical Center.  Dkt. 28, Declaration of Jennifer Aal ("Aal Dec."), at 1.  In 1998, Aal transferred to the Post Anesthesia Care Unit ("PACU") as a part-time nurse, and, in 2008, she became a full-time nurse in that unit.  *Id*. at 2.  In the fall of 2011, Aal took some time off for an elbow surgery.  *Id*. at 3–4.  During her absence, Nancy Boyle was promoted to the position of Aal's supervisor.  *Id*. at 4.  Aal claims that Ms. Boyle "developed a habit of

1  focusing her attention and accusations on [Aal], and the two other racial minority nurses .
2  . . ." *Id.*

3        In June 2012, two employees reported that Aal appeared impaired at work.  Dkt.
4  25, Thomas P. Holt, Exhs. N & O.  On June 28, 2012, Lori Genson and Heather Morotti
5  met with Aal to discuss these issues.  Aal Dec. at 6.  Ms. Genson and Ms. Morotti gave
6  Aal a copy of Capital Medical Center's substance abuse policy and informed Aal that she
7  would have to take a drug test if it was again reported that she appeared impaired at work.
8  *Id.*; Dkt. 26, Declaration of Heather Morotti, ¶ 5.

9        On October 17, 2012, two employees reported that Aal appeared impaired at work.
10 For example, a fellow nurse reported that Aal had misdiagnosed a patient having
11 seizures.  Holt Dec., Exh. U.  Capital Medical Center responded to these reports by
12 requesting that Aal submit to a "reasonable suspicion" drug test.  *Id.*, Exh. X.  The test
13 showed that Aal was above the screening cut-off for numerous drugs.  *Id.*, Exh. Z.  On
14 November 8, 2012, Aal attended a meeting at Capital Medical Center with her union
15 representative.  *Id.*, Exh. BB.  Capital Medical Center suspended Aal with cause for the
16 reported incidents of her inability to safely care for patients, her failure to disclose
17 medications that she was taking, and the results of her drug test.  *Id.*  As a condition of
18 continued employment, Captial Medical Center required Aal to participate in and
19 complete a substance abuse program and be subjected to scheduled and unscheduled drug
20 tests for one year.  *Id.*

21       On November 26, 2012, Aal responded to her suspension.  She provided her
22 explanation for the allegations that she was impaired on the job.  *Id.*, Exh. EE.  Aal also

1   submitted a reasonable accommodation request to be allowed to return to work while

2   taking her prescribed medications.  *Id.*  In December 2012, Capital Medical Center

3   terminated Aal's employment.  *Id.*, Exh. FF, ¶ 11.

### III. DISCUSSION

**A.    Remand**

As a threshold matter, Aal fails to recognize that some claims may be preempted

while others may not.  *See, e.g., Humble v. Boeing Co.*, 305 F.3d 1004 (9th Cir. 2002)

("intentional infliction/tort of outrage claim is preempted on the facts of this case . . .

reasonable accommodation claim under the WLAD is not preempted.").  Aal provides

arguments on the issues of whether her disability discrimination and reasonable

accommodation claims are not preempted and then concludes that the "claims remaining

in this suit are not preempted."  Dkt. 35 at 6.  It is unclear whether Aal implicitly

concedes that these are the only remaining claims in the suit.  Regardless, such a

conclusion without support is insufficient to warrant consideration.  Therefore, the Court

denies Aal's motion to remand any other claim.

With regard to preemption of the disability discrimination and reasonable

accommodation claims, Section 301 of the Labor Management Relations Act, 29 U.S.C.

§ 185 ("Section 301") preempts state-law claims that are either based on, or require

interpretation of, a collective bargaining agreement.  *Associated Builders & Contractors*

*v. Local 302 Int'l Bhd. of Elec. Workers*, 109 F.3d 1353, 1356–1357 (9th Cir. 1997)

(Section 301 is construed "quite broadly to cover most state-law actions that require

1  interpretation of labor agreements").  In deciding whether a state law is preempted under

2  Section 301, the Court must consider:

3    (1) whether the CBA contains provisions that govern the actions
      giving rise to a state claim, and if so,

4    (2) whether the state has articulated a standard sufficiently clear that
      the state claim can be evaluated without considering the overlapping

5    provisions of the CBA, and

      (3) whether the state has shown an intent not to allow its prohibition

6    to be altered or removed by private contract.

7  *Miller v. AT & T Network Sys.*, 850 F.2d 543, 548 (9th Cir. 1988). A state law will be

8  preempted only if the answer to the first question is "yes," and the answer to either the

9  second or third is "no." *Id.*

10      In this case, Aal's arguments are based on labels and conclusions instead of factual

11  allegations or admissible evidence.  Upon review of the declarations Aal submitted in

12  opposition to the motion for summary judgment, her claims revolve around whether she

13  was fit to perform her job while taking medications and her belated request for an

14  accommodation of an unconditional return to her shifts.  Dkt. 25–4 at 27–29.  These

15  issues necessarily involve the applicable CBA provisions for discipline and discharge,

16  Article 2.2, and for enforcing a drug and alcohol policy, Article 23, which grants Capital

17  Medical Center the sole discretion whether to allow a nurse the opportunity to participate

18  in the state's substance abuse monitoring program.  Therefore, the Court concludes the

19  CBA contains provisions that govern the actions giving rise to Aal's claims and the state

20  has not articulated a standard sufficiently clear that the state claim can be evaluated

21  without considering the overlapping provisions of the CBA.  *Miller*, 850 F.2d at 548.

22  Aal's motion to remand is denied.

**B.     Summary Judgment**

Capital Medical Center moves for summary judgment on all of Aal's claims.  Dkt. 24.  First, Capital Medical Center argues that all of the claims are preempted by Section 301.  *Id*. at 14–19.  Then, Capital Medical Center argues that Aal has failed to show that her claims for damages may be brought outside of the CBA's contractually provided remedies.  *Id*. at 20.

**1.     Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt").  *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

1    The determination of the existence of a material fact is often a close question. The

2    Court must consider the substantive evidentiary burden that the nonmoving party must

3    meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477

4    U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual

5    issues of controversy in favor of the nonmoving party only when the facts specifically

6    attested by that party contradict facts specifically attested by the moving party.  The

7    nonmoving party may not merely state that it will discredit the moving party's evidence

8    at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W.*

9    *Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory,

10    nonspecific statements in affidavits are not sufficient, and missing facts will not be

11    presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

12    **2.    Aal's Claims**

13    With regard to the claims that Aal failed to address in her motion to remand, she

14    has failed to meet her burden in opposition.  First, submitting unorganized declarations

15    without organization, direction, or a memorandum referencing the declarations, is an

16    improper opposition. *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir.

17    1982) ("A party may not prevail in opposing a motion for summary judgment by simply

18    overwhelming the district court with a miscellany of unorganized documentation.").

19    Second, even upon review of Aal's declarations, she fails to submit sufficient facts

20    to establish triable issues of fact regarding her claims.  For example, in order to establish

21    a prima facie case of race discrimination, Aal must show that "(1) [she] belongs to a

22    protected class, (2) [she] was treated less favorably in the terms or conditions of his

1  employment than similarly situated employees, and (3) [she] engaged in substantially

2  similar work as nonprotected class employees." *Domingo v. Boeing Emps.' Credit*

3  *Union*, 124 Wn. App. 71, 81 (2004).  Aal relies on mere allegations that white nurses

4  were "targeting" Aal and "two other racial minority nurses." Aal Dec. at 4–6.  Aal fails

5  to establish a *prima facie* case of discrimination based on her subjective, unreported

6  allegations of "targeting."  Even if Aal did establish a prima facie case, she completely

7  fails to submit any facts that the suspension and termination for her impairments and the

8  presence of drugs was pretext for discrimination.  *Kirby v. City of Tacoma*, 124 Wn. App.

9  454, 467 (2004).

10        Third, Aal fails to address CMC's argument that all of Aal's claims are preempted

11  by the CBA.  Dkt. 24 at 14–19.  CMC argues that any investigation of race discrimination

12  or corrective action by CMC would necessarily involve the CBA in question.  *Id*. at 19

13  (citing *Andreason v. Supervalu, Inc.*, 2013 WL 2149714 (W.D. Wash. May 16, 2013)).

14  Aal has failed to show that the alleged discrimination could be addressed without

15  consulting the CBA.  Therefore, the Court grants CMC's motion for summary judgment

16  on Aal's claims.

17        **3.      The CBA's Remedies**

18        Capital Medical Center argues that Aal's claims may not be adjudicated as Section

19  301 claims.  Dkt. 24 at 19 (citing *Wellman v. Writers Guild of Am., W., Inc.*, 146 F.3d

20  666, 670–71 (9th Cir. 1998)).  This rule of law, however, appears to apply to actions

21  between a union member and her union.  There are no such claims in this case.

22

1   Therefore, the Court declines to pass upon this issue, and a finding of preemption on all

2   of Aal's claims is sufficient to dismiss the claims with prejudice.

3                                    **IV. ORDER**

4          Therefore, it is hereby **ORDERED** that Aal's motion to remand (Dkt. 35) is

5   **DENIED,** Capital Medical Center's motion for summary judgment (Dkt. 24) is

6   **GRANTED**, and Aal's claims are **DISMISSED with prejudice**.

7          Dated this 16th day of April, 2014.

8

9                                    _____

10                                   BENJAMIN H. SETTLE
                                     United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22